FILED

**UNITED STATES DISTRICT COURT**
2018 AUG 17  PM 3: 23
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DAVID E. BARTINE and JUDITH S.
BARTINE on Behalf of Themselves
and All Others Similarly Situated

                          Plaintiff,

-vs-                                    Case No. 6:18 CV 1364 - ORL - 40 - TBS
                                        HON.
                                        PROPOSED CLASS ACTION
                                        DEMAND FOR JURY TRIAL

DIAMOND RESORTS MANAGEMENT, INC aka and
dba DIAMOND RESORTS INTERNATIONAL and FIRST
AMERICAN TITLE INSURANCE COMPANY aka and dba
FIRST AMERICAN TITLE

Defendant.
_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff , DAVID and JUDITH BARTINE ("Bartine" or "Bartines" or

"Plaintiff" or "Plaintiff") on behalf of himself and by and through counsel, DC CAPITAL LAW,

LLP and attorney BRIAN P. PARKER, brings this CLASS ACTION against the above listed

Defendants, DIAMOND RESORTS MANAGEMENT, INC. aka and dba DIAMOND

RESORTS INTERNATIONAL("Diamond") and FIRST AMERICAN TITLE INSURANCE

COMPANY aka and dba FIRST AMERICAN ("First American") on the grounds set forth

herein:

### I.      PRELIMINARY STATEMENT FOR CLASS ACTION

1.      Plaintiff Bartines on behalf of themselves and all others similarly situated, and

demanding a trial by jury, brings this action for the illegal practices of the Defendants Diamond

and First American inter alia, for using false, deceptive, and misleading practices, and other illegal collection communications in connection with their attempts to collect an alleged debt from the Plaintiffs and putative class members in violation of the FDCPA's mandates on Validation and Verification of disputed debts and the prohibition against the collection of fees, expenses and costs not expressly authorized by the underlying contract.

2.      Defendants have crafted a COLLECTION NOTICE UNDER THE FDCPA that *eliminates* notice to the Florida Consumer of their Federal Validation and Verification Dispute rights under 15 U.S.C. Sec. 1692g(a)1-5 and thus avoid the regulation of the debt collection activities of Defendants and the Florida Consumer's right to have collection efforts cease under 15 U.S.C. Sec. 1692g(b) if they were provided with their Validation and Verification rights that are missing in the collection letters of Defendants.

3.      Defendants have crafted a COLLECTION NOTICE UNDER THE FDCPA that charges every Florida Consumer the same $250.00 "other costs" in the initial debt collection letter under 15 U.S.C. Sec. 1692g and in violation of 15 U.S.C. Sec. 1692f(1) as the "other costs" are not expressly provided for in the original contract between the Plaintiff class members and their Original Creditors.

4.      The Plaintiffs alleges in this proposed class action that Defendants' collection practices alleged above in Paragraphs 1-3 and below violate both the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 *et seq.* ("FDCPA"),  and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq.

5.      The FDCPA is a "consumer-protection statute intended to 'eliminate abusive debt collection practices' to ensure that 'debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses.' " *Leonard v. Swicker*, 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (quoting *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312-13 (11th Cir. 2015)). The FDCPA regulates "debt collector" conduct by giving consumers the right to sue debt collectors that violate its provisions. *Id.* (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014)).

6.      In an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Anselmi v. Shendell & Assoc., P.A.*, No. 12-61599-CIV-WILLIAMS, 2015 WL 11121357, at *2 (S.D. Fla. June 6, 2015).

7.      The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

8.      Under the FCCPA, a "debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

9.      A "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed but does not include any person to the extent that they receive an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. Florida Statutes, Sections 559.55 (3).

10.     "Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

11.     Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include violations where here:

a.  Defendants violated 559.72 (14) by threatening to publish or post, threaten to publish or post, or cause to be published or posted before the general public the debts of Plaintiffs that are false amounts created by Defendants for the purpose of enforcing or attempting to enforce the collection of condo maintenance fees or consumer debts.

b.  Defendants violated 559.72 (9) by threatening to enforce a debt that Defendants know is not legitimate and continue to collect on the debt and contacted and collected on Plaintiff without having validated or verified the debt; and

c.  Defendants violated 559.72 (5) by threatening to disclose to the public about the disputed debt that Defendants know to be false and with no legitimate legal or reasonable reason to do so; and

d.  Defendants violated 559.72 (10) in communicating with Plaintiff with the threats to file public Claim of Liens based on false debt amounts without providing Plaintiff with their Federal Rights of Verification and Dispute to prevent the publication of the debts through a Claim of Lien. **Please see Exhibit 1 and Exhibit 2**.

12.     "Communicate" under both the FDCPA and FCCPA means the conveying of information regarding a debt directly or indirectly to a person through any medium.

13.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.  15 U.S.C. Sec. 1692(a) – (g).

14.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. "A debt collector's failure to provide the information required by § 1692g is actionable as a violation of § 1692e `if the variance is one that would tend to mislead the least sophisticated consumer.'" *Leonard, 2017 WL 4979160, at \*4 (quoting Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1304 (11th Cir. 2014)).*

15.     Allegations of FDCPA violations are evaluated using the "least sophisticated consumer" perspective, which assumes the consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Leonard*, 2017 WL 4979160 at \*2 (alteration in original) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185,

1193-94 (11th Cir. 2010) and *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.

1985)). Using this standard, the FDCPA protects "naïve consumers" while at the same time

"prevent[ing] liability for bizarre or idiosyncratic interpretations of collections notices by

preserving a quotient of reasonableness." Id. (quoting *LeBlanc*, 601 F.3d at 1194.

16.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of

false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per*

*se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these

*per se* violations prohibited by that section are: *false representations concerning the character,*

*amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A)*; and *the use of any false*

*representation or deceptive means to collect or attempt to collect any debt or to obtain*

*information concerning a consumer, 15 U.S.C. § 1692e (10)*.

17.      To prohibit unconscionable and unfair practices, the FDCPA at *15 U.S.C. § 1692f,*

*outlaws the use of unfair or unconscionable means to collect or attempt to collect* any debt and

names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection

conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among *the per se violations prohibited in this*

*section are the collection of any amount (including any interest, fee, charge, or expense*

*incidental to the principal obligation) unless such amount is expressly permitted by law, 15*

*U.S.C. § 1692f (1)*.

18.      Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692g:

15 U.S.C. § 1692g provides:

**§ 1692g. Validation of debts**
         (a)      Notice of debt; contents. Within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

**(1) the amount of the debt**;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(B)    DISPUTED DEBTS

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, ***the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment***, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

19.    The validation notice may not be either "overshadowed" or contradicted by other language or material in the original or subsequent collection letters sent within 30 days after receipt of the first one. *Swanson v. Southern Oregon Credit Service, Inc.,* supra, 869 F.2d 1222 (9th Cir. 1988); *Harris v. Payco General American Credits, Inc.,* 98 C 4245, 1998 U.S.Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998)."A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.,* 74

F.3d 30 (2d Cir. 1996).

20.     To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets

forth requirements for written notice of dispute and validation rights to a consumer. To prohibit

deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and

misleading collection practices and names a non-exhaustive list of certain *per se* violations of

false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16).

21.     The Bartines are natural persons residing in the Condominium ("condos") that is the

subject of the debt located in Orange County, Florida and are "consumers" and "persons" as the

terms are defined and used in the FDCPA.

22.     Defendant Diamond is an Arizona professional corporation that manages condominiums

and resorts and offers them collection or receivables services and uses interstate commerce and

the mails in a business principal purpose of which is the collection of debts for the management

of condominiums and resorts. **Please see Exhibit 3**.  Diamond/First American, through the

"Notice of Intent to Lien" letters like **Exhibit 1** to the buyers of the timeshares of condos and

resort of Diamond clients,  regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be Diamond clients throughout the State of Florida.

23.     Diamond/First American letters at **Exhibit 2** are the examples of the "Notice of Intent to

Lien" letters Diamond sends with Defendant First American through the US Postal Service to

residents and buyers of timeshares and condos that are owned by Diamond clients. Diamond is a

"debt collector" as the term is defined and/or used in the FDCPA.   Diamond is a debt collector

as defined by the FCCPA.

24.     Defendant First American is a Title insurance company located in the State of Nevada and licensed as an insurance company in the State of Florida. **Please see Exhibit 4**. First American and Diamond use interstate commerce and the mails in a business the principal purpose of which is the collection of debts through the subject "Notice of Intent to Lien" that state they are collecting a debt but fail to provide the Mandatory 1692g Validation and Verification dispute language in the initial letters at **Exhibit 1** and **Exhibit 2**.

25.     By its own statement and admission in **Exhibit 1 and Exhibit 2**, Defendant First American regularly collects or attempts to collect debts, directly or owed or due or asserted to be owed or due another throughout the State of Florida for and with Defendant Diamond through the subject "Notice of Intent to Lien" Letters where they advise debtors they are debt collectors collecting a debt. First American is a "debt collector" as the term is defined and used in the FDCPA. First American is a debt collector as the term is defined under the FCCPA.

## II. JURISDICTION

26.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here, the plaintiff resides here, and the defendants transact business here.

## III.   LAW CONCERNING 15 U.S.C. § 1692g

27.     The FDCPA, 15 U.S.C. §1692g(a) provides that:

**Notice of debt**; **Contents**. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

*(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification

of the debt or a copy of a judgment against the consumer and a copy of such verification or

judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if

different from the current creditor.

28.    Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt

collection practices - would be undermined if subsequent debt collectors were excused from

complying with the requirements contained in section 1692g. *Wright v. Ocwen Loan Servicing,*

*LLC,* 12-14762, 2013 WL 5532687, at 4-5 (E.D.Mich. Oct.7, 2013), See, also *Lewis v.*

*Nationstar Mortgage, F.*Supp.2d —, 13-11693, 2014 WL 1089557, at 7-10 (E.D.Mich. March

18, 2014).

29.    Other subsections of §1692g require a "writing," while §1692g(a)(3) conspicuously

leaves out the writing requirement. Applying the rules of statutory interpretation, the Court

should find that the legislature intentionally left out a "writing" requirement in §1692g(a)(3)

because it explicitly included a "writing" requirement in other adjacent subsections."[W]hen

the statute's language is plain, the sole function of the courts -at least where the disposition

required by the text is not absurd -is to enforce it according to its terms." *Lamie v. United*

*States Trustee,* 540 U.S. 526, 534; 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (internal

quotation marks and citations omitted). The plain meaning of § 1692g is that debtors can

trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors

can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute.

30.   Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. **Subsection (b)** states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. *Graziano v. Harrison, 950 F. 2d 107 - Court of Appeals, 3rd Circuit 1991.*

31.   The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983).

## IV.   POLICIES AND PRACTICES COMPLAINED OF

32.   It is Defendants policy and practice to send initial written collection communications for its Diamond condo and timeshare clients in the form attached as **Exhibit 1 and Exhibit 2** without the mandatory Validation and Verification dispute notice required by 15 U.S.C. Sec. 1692g(a) and (b).

33.   In violation of 15 U.S.C. Sec. 1692f(1) and 15 U.S.C. Sec. 1692e, Defendants, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the

FDCPA and Florida law by also charging "Other Costs" of $250 on all debtors that receive their "Notice of Intent to Lien" letters when communicating a demand for payment and that the letter is a an attempt to collect a debt:

**NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. NOTWITHSTANDING THE FOREGOING, TO THE EXTENT THAT ANY DEBT ASSOCIATED WITH ANY OF THE ABOVE STATED AMOUNTS MAY HAVE BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING UNDER TITLE 11 OF THE UNITED STATES CODE, PLEASE BE ADVISED THAT THIS IS AN ACTION TO COLLECT A DEBT IN REM AGAINST THE PROPERTY ENCUMBERED BY SUCH LIEN AND NOT IN PERSONAM AGAINST ANY OBLIGOR.**

34.    The Defendants collection attempts are made to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices used by Defendants that violate 15 U.S.C. Sec. 1692f(1), 15 U.S.C. Sec. 1692e, 15 U.S.C. Sec. 1692e(2)(A), 15 U.S.C. Sec. 1692g(a) and 15 U.S.C. Sec. 1692(b).

35.    The acts and omissions of Defendants done in connection with efforts to collect the alleged debts from State of Florida Residents and putative class members through **Exhibit 1 and Exhibit 2** were done intentionally and willfully.

## V.    FACTS CONCERNING PLAINTIFF CLASS REPRESENTATIVES

36.    On or about April 6, 2018, Defendants sent the Plaintiffs a letter from First American and Diamond titled "NOTICE OF INTENT TO RECORD A CLAIM OF LIEN." **Please see Exhibit 1**.

37.    The letter arose out of a transaction in which the Bartines allegedly owed a debt to Cypress Pointe II Condominium Association for a condominium timeshare maintenance fee in Orange County, State of Florida.

38.    The alleged obligation is a "debt" as defined by 15 U.S.C. Sec. 1692a(5).

39.    The Bartines are at all times relevant to this lawsuit, a "consumer" as that term is defined by 15

U.S.C. Sec. 1692a(3).

40.    The letter at **Exhibit 1** stated that Defendants were seeking a condo maintenance fee debt due

from January 2018 of $1,367.18 along with Other Costs of $250.

**NOTICE OF INTENT**
**TO RECORD A CLAIM OF LIEN**

RE: Unit D27AB / Week 22 / Odd Year Biennial Timeshare Interest of Cypress Pointe Resort II
    Condominium Association, Inc., a Florida not-for-profit corporation.

This Notice is being sent on behalf Cypress Pointe Resort II Condominium Association, Inc., a Florida not-
for-profit corporation, ("Association").

The following amounts are currently due on your account to Cypress Pointe Resort II Condominium
Association, Inc., a Florida not-for-profit corporation, and must be paid within 30 days after your receipt
of this letter. This letter shall serve as the association's notice of intent to record a Claim of Lien against
your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts
set forth below:

Maintenance due  (01/01/2018-present)    $ 1,367.18

Late fee, if applicable    $ 0.00

Interest through  (01/01/2018-present) *  $ 0.00

Certified mail charges:    $ 0.00

Other Costs   $ 250.00

41.    The letter closed with the demand for the amount due, that the letter was an attempt to collect a

debt, and that Diamond was sending the letter on behalf of another entity, Cypress Pointe II

Resort:

TOTAL OUTSTANDING   $ 1,367.18, plus Other Costs shown above

*Interest accrues at the rate of zero percent per annum.

Note: The amount of maintenance fees due within thirty (30) days of the receipt of this letter may differ from the amount that will be secured by the Claim of Lien.

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. NOTWITHSTANDING THE FOREGOING, TO THE EXTENT THAT ANY DEBT ASSOCIATED WITH ANY OF THE ABOVE STATED AMOUNTS MAY HAVE BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING UNDER TITLE 11 OF THE UNITED STATES CODE, PLEASE BE ADVISED THAT THIS IS AN ACTION TO COLLECT A DEBT IN REM AGAINST THE PROPERTY ENCUMBERED BY SUCH LIEN AND NOT IN PERSONAM AGAINST ANY OBLIGOR.

Sincerely,


Diamond Resorts Management, Inc.,
on behalf of Cypress Pointe Resort II Condominium
Association, Inc., a Florida not-for-profit corporation

42.     As stated in the letter at **Exhibit 1** and by virtue of Diamond and First American seeking

        payment on behalf of another, Defendants are "debt collectors" as defined by 15 U.S.C. Sec.

        1692a(6).

43.     The Defendants are sending the same "Notice of Intent to Lien" letters throughout the State of

        Florida to Florida Class members while Defendants are representing numerous other

        Condominiums and Resorts and charging the same "Other Costs" of $250 without any legal or

        contractual justification and the letters are a "communication" as defined by 15 U.S.C. Sec.

        1692a(2). **Please see Exhibit 2**.

44.     15 U.S.C. Sec. 1692g , Subsection (a)(4) and Subsection (a)(5) requires that the debt collector

        like Defendants must notify a debtor like the Plaintiffs and Plaintiff class that they can seek

        verification or validation of the disputed the debt and that the verification and validation must be

        requested *in writing*. This notice of validation and verification under the FDCPA must be

provided to the Florida debtor within five days of the initial contact by the debt collector under

15 U.S.C. Sec. 1692g(a)

45.    **In violation of the FDCPA** and in their letters to Florida Consumers at **Exhibit 1 and Exhibit**

**2**, Defendants fail to inform Plaintiff and the Class Members that they are required to dispute the

debt *in writing* when obtaining verification and validation under 15 U.S.C. Sec. 1692g(a)(4) and

(a)(5).

46.    **In violation of the FDCPA**, Defendants are requiring Plaintiff just to pay to avoid a lien and

provide little contact information other than a phone number to the Class Members and the letter

is written purposely to avoid any written dispute to purposely waive the Florida debtor's right to

seek verification by failing to make the request in writing, as required by Federal law. *Miller*

*v.Payco-General American Credits, Inc.*, supra, 943 F.2d 482 (4th Cir. 1991); *Woolfolk v. Van*

*Ru Credit Corp.*, 783 F. Supp. 724, 726 (D. Conn. 1990); *Flowers v. Accelerated Bureau of*

*Collections*, 96 C 4003, 1997 U.S.Dist. LEXIS 3354, 1997 WL 136313 (N.D.Ill. Mar 19, 1997).

Contra, *Terran v. Kaplan*, supra. "A consumer calling the defendant would not be exercising her

validation rights and would not be entitled to the statutory cessation of debt collection activities."

*Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1412 (D. Conn. 1990).

47.    On information and belief, the statements contained in Defendants' Collection letters at **Exhibit**

**1** constitute an attempt by Defendants to prevent Class Members exercising their dispute and

validation rights under the FDCPA at 15 U.S.C. Sec. 1692g.

48.    Under the Act, notice of the thirty-day validation period is necessary, but not sufficient to

satisfy § 1692g(a). A debt collector must "effectively convey" the notice to the debtor. *Swanson*

*v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988).

49.     By hiding the fact that the Consumer's dispute and verification must be in writing, the letter is crafted to also eliminate Plaintiff and the Class Member's right to have a debt collector cease collection activities under Subsection (b) which states:

**§ 1692g (b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment*, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

50.     By having the consumer not seek verification in writing, Defendants can continue to collect on the debt and avoid the delay and expense of having to follow the law under 15 U.S.C. Sec. 1692g(a)(4) and (a)(5) and then create a public lien that is made available to the public for an amount that is undisputed and false in violation of the FDCPA and FCCPA.

51.     Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a.      Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b.      Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e(10);

c.      Failing to properly disclose to the Plaintiff and Plaintiff class members that their right to seek verification or dispute of the debt must be in writing to be effective under the law in violation of 15 U.S.C. Sec. 1692g(a)(4) and (a)(5).

d.      Overshadowing or eliminating of the validation and dispute rights of the Plaintiffs under

15 U.S.C. Sec. 1692g(a)(4), 15 U.S.C. Sec. 1692g(a)(5) and 15 U.S.C. Sec. 1692g(b).

52.   **In violation of the FDCPA,** the $250 "Other Costs" that Defendants are charging every Florida

debtor that receives at **Exhibit 1 and Exhibit 2** is in violation of 15 U.S.C. Sec. 1692f(1) as this

"Other Costs" is not expressly authorized in the contract of the Plaintiffs and the Original

Creditor.

53.   The Plaintiffs and Plaintiff class members are told that they must pay the maintenance amounts

due and "Other Costs" within 30 days or suffer the consequence of owing the Defendants filing a

public Claim of Lien that the Plaintiff never owed and were never provided with the mandatory

notification that they have a right to dispute the debt and seek verification and cease further

collection of the debt prior to the disputed debt being validated under 15 U.S.C. Sec. 1692g(b).

54.   The Defendants unlawful scheme and plan is circular in that the Plaintiffs suffer an injury in fact

with the unlawful assessment of the $250 without the right to dispute it and must pay the $250

extra to avoid the eventual publication of the false amount owed in a Claim of Lien. The

Plaintiffs are threatened with a public filing of the Claim of lien and damage to their financial

and public reputation of the recorded lien as the Defendants continue the collection attempts

unhindered by the FDCPA requirements of 15 U.S.C. Sec. 1692g(b) while collecting a debt in

violation of 15 U.S.C. Sec. 1692g(b).

55.   The Defendants would later follow up with a letter on July 2, 2018 threatening to sell the

Plaintiffs' real property and charge more costs without legal or contractual basis while collecting

a debt in "estimated foreclosure costs in the amount of $650 and must be delivered by cash or

certified funds to the Trustee." **Please see Exhibit 5**. The acts and omissions of Defendants done

in connection with efforts to collect the alleged debts from Plaintiffs and the putative class

members were done intentionally and willfully in violation of the FDCPA and FCCPA.

## VI.   CLASS ACTION ALLEGATIONS

56.   This action is brought as a class action.  Plaintiff brings this action on behalf of themselves and

on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of

Civil Procedure.

57.   With respect to the Plaintiff **FDCPA Class**, this claim is brought on behalf of a class of (a) all

persons in the State of Florida; (b) to whom Defendants sent a written communication in the

form attached as **Exhibit 1 and Exhibit 2**;(c) in connection with Defendants' attempt to collect

a debt;(d) which written communications violate the FDCPA by not providing the mandatory

Verification and Validation Dispute Rights of 15 U.S.C. Sec. 1692g(a) and (b); (e) while

charging "Other Costs" of $250 in violation of 15 U.S.C. Sec. 1692f(1) and 15 U.S.C. Sec.

1692e; and (f)  during a period beginning one year prior to the filing of this action and ending

upon the service of this amended complaint.

58.   With respect to the Plaintiff **FCCPA Class**, this claim is brought on behalf of a class of (a) all

persons in the State of Florida; (b) to whom Defendants sent a written communication in the

form attached as **Exhibit 1 and Exhibit 2**;(c) in connection with Defendants' attempt to collect

a debt;(d) which written communications violate the FCCPA by:

a.   Violating 559.72 (14) by threatening to publish or post, threaten to publish or post, or cause

to be published or posted before the general public the debts of Plaintiffs that are false

amounts for the purpose of enforcing or attempting to enforce collection of consumer debts.

b.   Violating 559.72 (9) by threatening to enforce a debt when such person knows

that the debt is not legitimate and continues to collect on the debt and contacted Plaintiff without

having validated or verified the debt; and

c.      Violating 559.72 (5) by disclosing to the public about the disputed with no legitimate

legal or reasonable reason to do so; and

d.      Violating 559.72 (10) by communicating with Plaintiff with the threats to file public

Claim of Liens based on false debt amounts without providing Plaintiff with their Federal

Rights of Verification and Dispute to prevent the publication of the debts through a Claim

of Lien.

(e) during a period beginning four years prior to the filing of this action and ending upon the

service of this amended complaint.

59.    The identities of all class members are readily ascertainable from the records of Defendants and

the Creditor they collect for.

60.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners,

managers, directors, and employees of the Defendants and their respective immediate families,

and legal counsel for all parties to this action and all members of their immediate families.

61.    There are questions of law and fact common to the Plaintiff Class, which common issues

predominate over any issues involving only individual class members.  The principal issues are

whether the Defendant's written communications, in the form attached as **Exhibit 1**, violates

the FDCPA and FCCPA as stated above.

62.    The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories.

63.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in
this complaint.  The Plaintiff has retained counsel with experience in handling consumer
lawsuits, complex legal issues, and numerous class actions, and neither the Plaintiff nor his
attorneys have any interests, which might cause them not to vigorously pursue this action.
**Please Plaintiff Counsel Resume at Exhibit 6**.

64.   This action has been brought, and may properly be maintained, as a class action pursuant to the
provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined
community interest in the litigation:

**Numerosity:**  The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff
Classes defined above are so numerous that joinder of all members would be impractical;
and

**Common Questions Predominate:**  Common questions of law and fact exist as to all members
of the Plaintiff Classes and those questions predominate over any questions or issues
involving only individual class members.  The principal issues are whether the
Defendant's written communications, in the form attached as **Exhibit 1 and Exhibit 2**,
violate the FDCPA and FCCPA; and

**Typicality:**  The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and
all members of Plaintiff Class have claims arising out of the Defendants common
uniform course of conduct complained of herein; and

**Adequacy:**  The Plaintiff will fairly and adequately protect the interests of the class members
insofar as Plaintiff has no interests that are adverse to the absent class members.  The
Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained

counsel experienced in handling consumer lawsuits, complex legal issues, and class

actions.  Neither the Plaintiff nor her counsel has any interests which might cause them

not to vigorously pursue the instant class action lawsuit; and

**Superiority:**  A class action is superior to the other available means for the fair and efficient

adjudication of this controversy because individual joinder of all members would be

impracticable.  Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum efficiently and without

unnecessary duplication of effort and expense that individual actions would engender.

**Violation:**     Whether Defendants' form letters made misrepresentations and violated the

FDCPA and FCCPA.

65. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is

appropriate because adjudications with respect to individual members create a risk of

inconsistent or varying adjudications which could establish incompatible standards of conduct

for Defendants which, on information and belief, collect debts throughout the United States of

America through letters like **Exhibit 1 and Exhibit 2**.

66. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also

appropriate in that the questions of law and fact common to members of the class predominate

over any questions affecting an individual member, and a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

67. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of

class certification motion, seek to certify a class only as to particular issues pursuant to

Fed.R.Civ.P. 23(c)(4).

## VII.    FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST DEFENDANTS FIRST AMERICAN AND DIAMOND)

68.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

69.    Defendant violated the FDCPA.  Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a.    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b.    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e(10);

c.    Failing to properly disclose the mandatory Validation and Verification requirements of 15 U.S.C. Sec. 1692g(a)(4) and (a)(5) and 1692e; and

d.    Overshadowing and/or eliminating the validation, verification and dispute rights of the Plaintiff under 15 U.S.C. Sec. 1692g(a)(4), (a)(5) and 15 U.S.C. Sec. 1692g(b) in **Exhibit 1 and 2**; and

e.    Eliminating the requirement that a debt collector cease any and all collection activities once it receives a written request for validation under 15 U.S.C. Sec. 1692g(b) in **Exhibit 1 and 2; and**

f.    Violating 15 U.S.C. Sec. 1692f(1) by charging $250 "Other Costs" without any express authorization in the contract between the Plaintiff and the Original Creditor; and

g.     Falsely representing the character, amount, and legal status of the debt amount charge

that includes the $250 "Other Costs" and the right to legally charge the amount collected or

attempted to be collected by Defendants under 15 U.S.C. Sec. 1692e(2)(A).

70.     The wrongful conduct of Defendants alleged above invaded the rights of the Plaintiff and

Plaintiff Class members which are protected by the FDCPA, the invasion of which caused injury

in fact and damage to the Plaintiffs financially and harmed the Plaintiffs' public reputation.

Wherefore, Plaintiff seeks judgment against Defendant for:

a.     Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15

       U.S.C. 1692k(a)(2)(A) and (B);

b.     Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the

       lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to

       15 U.S.C. 1692k(a)(2)(B);

c.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.     Such further relief as the court deems just and proper.

### Count 2- Florida Consumer Collection Practices Act

71.     Plaintiff realleges the above pleadings.

72.     Defendant has violated the FCCPA. Defendant's violations of the FCCPA include, but

are not necessarily limited to, the following:

a.     Defendant violated 559.72 (14) by threatening to publish or post, threaten to publish or

       post, or cause to be published or posted before the general public the debts of Plaintiffs

       that are false amounts for the purpose of enforcing or attempting to enforce collection of

consumer debts.

b.      Defendant violated 559.72 (9) by threatening to enforce a debt when such person knows that the debt is not legitimate and continues to collect on the debt and contacted Plaintiff without having validated or verified the debt; and

c.      Defendant violated 559.72 (5) Disclose to the public about the disputed with no legitimate legal or reasonable reason to do so; and

d.      Defendant violated 559.72 (10) Communicating with Plaintiff with the threats to file public Claim of Liens based on false debt amounts without providing Plaintiff with their Federal Rights of Verification and Dispute to prevent the publication of the debts through a Claim of Lien. **Please see Exhibit 1 and Exhibit 2**.

73.     Plaintiffs have suffered an injury in fact and face damage to their financial and public reputation if they do not pay as directed by **Exhibit 1**.

74.     The wrongful conduct of Defendants alleged above invaded the rights of the Plaintiff and Plaintiff Class members which are protected by the FCCPA, the invasion of which caused injury in fact and damage to the Plaintiffs financially and harmed the Plaintiffs' public reputation.

        WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

        a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes; and

b) Adjudging that Defendant violated Fla. Stat. § 559.72(9),(14), (5), and (10) with respect to Plaintiffs and the class they seek to represent;

c) Awarding Plaintiff and the class actual damages, pursuant to Fla. Stat. § 559.77(2); and

d) Awarding Plaintiff additional statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00; and

e) Awarding an aggregate award of additional statutory damages up to the lesser of $500,000.00 or 1 percent of the Defendant's net worth for all remaining class members, pursuant to Fla. Stat. § 559.77(2); and

f) Awarding Plaintiff and the class punitive damages, pursuant to Fla. Stat. § 559.77(2); and

g) Awarding Plaintiff and the class such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2); and

h) Awarding Plaintiff and the class counsel reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2) and Rule 23; and

i) Awarding Plaintiff and the class pre-judgment and post judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated:  August 14, 2018

/s/ Brian P. Parker
Brian P. Parker - *Trial Counsel*
**DC CAPITAL LAW, LLP**
Florida Bar No: (0980668)
700 12th Street NW Ste. 700
Washington, DC 20005
(202) 793-4433
Bparker@dccapitallaw.com
*Attorney for Plaintiffs and*
*Potential Plaintiff Class Members*