UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID E. BARTINE and JUDITH S. BARTINE,

    Plaintiffs,

v.                                                      Case No:   6:18-cv-1364-Orl-40TBS

DIAMOND RESORTS MANAGEMENT, INC. and FIRST AMERICAN TITLE INSURANCE COMPANY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiffs' Motion to Strike Defendant First American Title Insurance Company's Notice of Supplemental Authority (Doc. 68).

Plaintiffs allege that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. 559.55 *et seq*. (Doc. 28). Defendant First American Title Insurance Company has filed a motion to dismiss in which it argues, *inter alia*, that its conduct is not actionable because it was performed in conformity with the Florida Timeshare Lien Foreclosure Act, FLA. STAT. § 721.80 *et seq.*, and because the enforcement of a security interest does not violate the FDCPA or the FCCPA (Doc. 46). Plaintiffs have filed a response to the motion to dismiss (Doc. 49); First American has filed a reply (Doc. 57); and Plaintiffs have filed a sur-reply (Doc. 64).

The United States Supreme Court decided Obduskey v. McCarthy & Holthus LLP, ___ S.Ct. ___, 2019 WL 1264579 on March 20, 2019. The next day, First American filed a

notice of supplemental authority to bring the Obduskey decision to the Court's attention (Doc. 67). Plaintiffs agree that Obduskey is germane to the issues raised in the motion to dismiss (Doc. 68 at 3). But, they are asking the Court to strike, on the grounds that it is improper, the argument First American included in its notice of supplemental authority (Id.). First American counters that its notice simply "directed the Court's attention to the Supreme Court's opinion in Obduskey and briefly noted the relevancy of that new decision to the arguments set forth in the parties' papers on the motion to dismiss." (Doc. 69 at 2). After complaining that First American included improper argument in its notice of supplemental authority, Plaintiffs devote two pages to arguing the application of Obduskey in this case (Doc. 68 at 4-5).

The Court's Local Rules state that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." M.D. FLA. 3.01(c). The rule does not preclude the filing of a notice of supplemental authority so long as it does not contain argument. See Williams v. Heritage Operating, L.P., No. 8:07-cv-977-T-24MSS, 2007 WL 2302131, ag *1 (M.D. Fla. Aug. 8, 2007). Applying this rule, Plaintiffs' motion is **GRANTED in part**, and the following language is **STRICKEN** from First American's notice of supplemental authority:

> In addition, in affirming the Tenth Circuit's decision, the Supreme Court rejected the rule announced in *Kaymark v. Bank of America, N. A.*, 783 F. 3d 168 (3rd Cir. 2015); *Glazer v. Chase Home Fin. LLC*, 704 F. 3d 453 (6th Cir. 2013); and *Wilson v. Draper & Goldberg, P. L. L. C.*, 443 F. 3d 373 (4th Cir. 2006). *See Obduskey*, 2019 U.S. LEXIS 2090, at **11, 24. Each of these cases were cited by Plaintiffs in their opposition to First American's motion to dismiss. Dkt. 49 at 15-16.

(Doc. 67 at 1-2). In all other respects, the motion is **DENIED**.

Next, the Court addresses *sua sponte* Plaintiffs' memorandum of law contained in

their motion to strike and finds that pages 4-5 are devoted to argument that does not belong in the motion. Therefore, pages 4-5 of the motion to strike are **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties